## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MELVIN HALE, PhD,                              )
                                               )
              Plaintiff                     )
                                               )
v.                                             )     Case No. 15-4947-SAC
                                               )
EMPORIA STATE UNIVERSITY,                      )
                                               )
              Defendant.                   )

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION WITH MEMORANDUM IN SUPPORT

Defendant Emporia State University (ESU) hereby moves this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction. Plaintiff Melvin Hale filed this action against ESU "seeking damages for defamation and false light invasion of privacy under Kansas law." Hale alleges that he is a resident of Emporia, Kansas, and that ESU is a Kansas institution. Because this Court does not possess subject matter jurisdiction, it should dismiss this action. Even if this Court possessed subject matter jurisdiction, though, this suit would still be barred by the Eleventh Amendment. This Court should dismiss this case.

**This Court is a Court of Limited Jurisdiction.**

Federal courts such as this one are courts of limited jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). "The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id.* A presumption exists against

1

the existence of federal jurisdiction, and Hale, the party invoking federal jurisdiction, bears the burden of proving jurisdiction exists here. *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Mere conclusory allegations are insufficient to meet that burden. *Id.*

In this case, Hale makes the conclusory assertion that "This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs." (Doc. 1, at 2.) Hale's assertion appears to conflate two separate types of subject matter jurisdiction—diversity jurisdiction and federal question jurisdiction. Ultimately, Hale's attempt to invoke the jurisdiction of this Court under either ground fails.

***Hale's Complaint Does Not Establish Federal Question Jurisdiction.***

Title 28, Section 1331 of United States Code empowers district courts with original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish either: (1) 'federal law creates the cause of action' or (2) 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Tinner v. Farmers Ins. Co.*, 504 Fed. Appx. 710, 713-14 (10th Cir. 2012). This Court's first task is to look to the face of Hale's Complaint and ask, "'is it drawn so as to claim a right to recover under the Constitution and laws of the United States?'" *Id.* at 714.

In his Complaint, Hale cites to 28 U.S.C. § 1331 as the basis for jurisdiction. (Doc. 1, at 2.) He cites to no further statutory or constitutional provision in his Complaint under which his claims might arise, nor does he allege sufficient facts to show that the case is one arising under federal law. *Tinner*, 504 Fed. Appx. at 714. Hale specifically seeks "damages for defamation and

false light invasion of privacy *under Kansas law*." (Doc. 1, at 1 (emphasis added).) No federal law created his tort claims, nor do any of his Kansas tort claims require resolution of a substantial question of federal law. His claims are purely state law claims.

Further, although not a part of the Complaint, the Civil Cover Sheet Hale filed indicates that the basis of jurisdiction is federal question jurisdiction. (Doc. 2.) Hale cites 28 U.S.C. § 4101 as the basis for jurisdiction on the Civil Cover Sheet. (Doc. 2.) That statute, part of the Securing the Protection of our Enduring and Established Constitutional Heritage ("SPEECH") Act, titled "Definitions," provides definitions for defamation, domestic court, foreign court, foreign judgment, state, and United States person. It and the surrounding statutes govern the recognition and enforcement of foreign judgments for defamation. *See, e.g.,* 28 U.S.C. § 4102. Here, no foreign judgment for defamation exists and, as such, the cited statute is inapplicable. The SPEECH Act does not provide a basis for federal question jurisdiction here.

### Diversity Jurisdiction Does Not Exist Where Both Plaintiff and Defendant are Citizens of the Same State.

District courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

While Hale makes allegations regarding the amount in controversy exceeding $75,000, his allegations regarding the parties disprove the existence of diversity jurisdiction in this case. Hale identifies himself as a resident of Kansas in his Complaint. (Doc. 1, at 2; *see also* Doc. 2 (identifying Hale as a Lyon County, Kansas, resident and a citizen of the State of Kansas).) He identifies Defendant ESU as an institution of the State of Kansas. (Doc. 1, at 2; *see also* Doc. 2 (identifying Defendant as a Lyon County, Kansas, resident and a citizen of the State of Kansas).)

Because both Hale and ESU are citizens of the same state, diversity of citizenship jurisdiction is lacking.

**The Eleventh Amendment Precludes this Suit.**

The Eleventh Amendment to the United States Constitution states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced, or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.

"The Eleventh Amendment has been interpreted to preclude suits against a state by its own citizens. [Citation omitted.] A suit may not be maintained against an agency of the state, unless the state waives its immunity from suit in federal court. [Citation omitted.]" *Gray v. Univ. of Kan. Med. Ctr., Coll. of Health Scis., Sch. of Nursing*, 715 F. Supp. 1041, 1042 (D. Kan. 1989). It is well established that state universities in Kansas—such as Emporia State University—function as arms or alter egos of the State of Kansas. *Id.* at 1042-43.

Here, there has been no waiver of Eleventh Amendment immunity, and Congress has not abrogated that immunity. ESU is entitled to Eleventh Amendment immunity here and this Court should dismiss this case.

**This Court Lacks Jurisdiction Here.**

This Court lacks jurisdiction over this action. Plaintiff Melvin Hale does not establish that this Court has diversity or federal question jurisdiction. Even if he had, Defendant Emporia State University is immune from this suit in federal court under the Eleventh Amendment. This Court should dismiss this case for lack of jurisdiction.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/ Anne Smith*_____
Anne Gepford Smith, KS No. 24636
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:  (785) 291-3988
Fax:  (785) 296-6296
Email: anne.smith@ag.ks.gov
*Attorney for Defendant Emporia State University*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2015, I sent a copy of the foregoing via United States mail, postage prepaid, to:

Melvin Hale
P.O. Box 724
Emporia, KS 66801
*Plaintiff Pro Se*

*/s/ Anne Smith*_____
Anne Gepford Smith
Assistant Attorney General