**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MELVIN HALE, PhD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 15-4947-SAC |
| ) | |
| EMPORIA STATE UNIVERSITY; JACKIE ) | |
| VIETTI, in her capacity as Interim President of ) | |
| Emporia State University; DAVID CORDLE, in his ) | |
| capacity as Provost of Emporia State University; ) | |
| JUDY ANDERSON, in her capacity as Executive ) | |
| Director of Human Relations at Emporia State ) | |
| University; GWEN ALEXANDER, as Dean of the ) | |
| School of Library & Information Management at ) | |
| Emporia State University; CHRIS HOOVER, as ) | |
| Chief of Police at Emporia State University; ) | |
| DEBRA RITTGERS, as Assistant to the Dean of ) | |
| the School of Library and Information Management;) | |
| and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS AMENDED COMPLAINT**
**WITH MEMORANDUM IN SUPPORT**

Defendants Emporia State University (ESU); Jackie Vietti, solely in her official capacity as Interim President of ESU; David Cordle, solely in his official capacity as Provost of ESU; Judy Anderson, solely in her official capacity as Executive Director of Human Relations at ESU; Gwen Alexander, solely in her official capacity as Dean of the School of Library and Information Management at ESU; Chris Hoover, solely in his official capacity as Chief of Police at ESU; and Debra Rittgers, solely in her official capacity as Assistant to the Dean of the School of Library and Information Management at ESU hereby move this Court to dismiss Plaintiff Melvin Hale's Amended Complaint (Doc. 4). Hale asserts four claims in his Amended

1

Complaint: Count I, "False Light Invasion of Privacy," Count II, Defamation, Count III, Due Process, and Count IV, Punitive Damages. Hale brings the defamation and false light invasion of privacy claims under Kansas law, while he seeks damages under the Due Process Clause of the Fourteenth Amendment to the United States Constitution in Count III. Hale seeks relief in the form of "actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and all other relief deemed appropriate by this Court." (Doc. 4, at 15.)

Hale's suit is barred by the Eleventh Amendment to the United States Constitution. Alternatively, Hale's Due Process claim fails to state a claim upon which relief can be granted and should be dismissed. This Court should also dismiss his supplemental state law claims.

**The Eleventh Amendment Clearly Precludes this Suit.**

The Eleventh Amendment to the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced, or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State.

"The Eleventh Amendment has been interpreted to preclude suits against a state by its own citizens. [Citation omitted.] A suit may not be maintained against an agency of the state, unless the state waives its immunity from suit in federal court. [Citation omitted.]" *Gray v. Univ. of Kan. Med. Ctr., Coll. of Health Scis., Sch. of Nursing*, 715 F. Supp. 1041, 1042 (D. Kan. 1989). It is well established that state universities in Kansas—including Emporia State University—function as arms or alter egos of the State of Kansas. *Id.* at 1042-43.

Further, Hale added six defendants (Vietti, Cordle, Anderson, Alexander, Hoover, and Rittgers) when he filed his Amended Complaint. All claims against these Defendants are

identified as being solely against the six in their official capacities as employees of ESU. (Doc. 4, ¶¶ 5-10.) "It is well established that state university employees who are sued in their official capacities enjoy eleventh amendment immunity." *Gray*, 715 F. Supp. at 1043.

Here, there has been no waiver of Eleventh Amendment immunity, and Congress has not abrogated that immunity with respect to Hale's 42 U.S.C. § 1983 claim. *See, e.g., Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996) ("Congress did not abrogate state Eleventh Amendment immunity when it enacted § 1983."). Defendants are all entitled to Eleventh Amendment immunity and this Court should dismiss this case.

**Hale's Due Process Claim Fails to State a Claim Upon Which Relief can be Granted.**

Alternatively, in the event this Court does not dismiss this case on sovereign immunity grounds, Hale has failed to state a claim upon which relief can be granted with respect to his one federal question claim. In Count III of his Amended Complaint, Hale claims that Defendants deprived him of due process. (Doc. 4.) The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." But Hale's due process claim is nothing more than a simple defamation claim and fails to state a claim under *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)—the very case cited by Hale in his Amended Complaint at paragraph 62.

In *Paul*, the Supreme Court held that defamatory publications injuring a person's reputation, standing alone, do not deprive a person of any liberty or property interests protected by the Due Process Clause. 424 U.S. at 712. Rather, something more than mere defamation must be involved to establish a claim of denial of due process. *Id.* at 701. In order to state a claim under *Paul*, the Tenth Circuit has created a four-part test for plaintiffs:

"First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published." *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994) (internal citations omitted)

In *Renaud v. Wyoming Dept. of Family Servs.*, 203 F.3d 723, 728 n.1 (10th Cir. 2000), the Court clarified the third part of the test to establish that the defamation must actually occur in the course of the termination of employment:

"Under the test formulated in *Workman*, 32 F.3d at 481, the defamatory statements "must occur in the course of terminating the employee or must foreclose other employment opportunities" (emphasis added). At first blush, it appears that this prong of the test can be met either by statements made in the course of terminating an employee or, in the alternative, by any other statements that might foreclose other employment opportunities. *Workman*, which was decided on other grounds, did not examine this question. In delineating this prong of the test, *Workman* cited *Paul*, 424 U.S. at 710, 96 S. Ct. 1155, and *Sullivan v. Stark*, 808 F.2d 737, 739 (10th Cir.1987). As explained in the foregoing analysis, *Paul* clearly requires that the defamation occur in the course of the termination of employment. *Sullivan* did not abrogate or minimize this requirement. While the language of *Workman* may be susceptible to another reading, we conclude that the *Workman* court did not intend to create a test under which a liberty interest might

be infringed by any defamatory statement that might foreclose future employment opportunities."

Hale's claim fails for multiple reasons, not the least of which is that the statements alleged here did not occur in the course of terminating the employee, as is clearly required by *Paul*. *Renaud*, 203 F.3d at 728 n.1. Hale asserts in paragraph 61 of his Amended Complaint that "Defendants' conduct rises to the level not only of state-caused stigmatic harm, it crosses the boundary where Defendants' conduct created a tangible loss, the loss of employment, along with damaging Plaintiffs' [*sic*] public standing and reputation under the 14th Amendment." (Doc. 4, at 13.) Yet, importantly, other parts of his Amended Complaint establish that Hale is actually still employed with ESU. (*See, e.g.,* Doc. 4, ¶ 3 ("At all times relevant hereto, Plaintiff was an Assistant Professor at Emporia State University."), ¶ 49 ("All of Plaintiffs' classes are now online."); ¶ 66 ("Defendants fully intended to engender public reaction against Plaintiff by characterizing Plaintiff as professionally unfit, a false prophet, a teller of tales and a *soon-to-be former employee*." (Emphasis added.)).) Given Hale's current continued employment at ESU, Hale's assertion regarding "loss of employment" necessarily must be read as an allegation regarding damage to prospective employment opportunities, which is too intangible to constitute a deprivation of a liberty interest. *Workman*, 32 F.3d at 481 (noting plaintiff's claim of loss of future positions was too speculative).

Like the claim in *Paul*, Hale's claim in this case is a classic claim for defamation. As the Court concluded in *Paul*:

"[plaintiff's] interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that

5

interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law, nor has it worked any change of [plaintiff's] status as theretofore recognized under the State's laws." 424 U.S. at 712.

For these reasons, like in *Paul*, this Court should hold that the interest in reputation asserted in this case is neither "liberty" nor "property" guaranteed against state deprivation without due process of law and that, therefore, Hale has failed to state a claim upon which relief can be granted.

Because Hale's one federal question claim fails to state a claim upon which relief can be granted, this Court should dismiss this entire case. This Court's jurisdiction over Hale's state law false light invasion of privacy and defamation claims (and punitive damages claim, to the extent it is a separate claim) exists only by virtue of supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim when it has dismissed all claims over which it had original jurisdiction.

This Court's exercise of supplemental jurisdiction is discretionary. Because all federal claims in this case should be dismissed, this Court should dismiss the supplemental state law claims as well. *See, e.g., United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.").

**This Court Should Dismiss this Case Against All Defendants.**

Defendants Emporia State University; Jackie Vietti, solely in her official capacity as Interim President of ESU; David Cordle, solely in his official capacity as Provost of ESU; Judy Anderson, solely in her official capacity as Executive Director of Human Relations at ESU;

Gwen Alexander, solely in her official capacity as Dean of the School of Library and Information Management at ESU; Chris Hoover, solely in his official capacity as Chief of Police at ESU; and Debra Rittgers, solely in her official capacity as Assistant to the Dean of the School of Library and Information Management at ESU are immune from this suit in federal court under the Eleventh Amendment. This Court should dismiss this case.

Alternatively, Plaintiff Melvin Hale's Amended Complaint fails to state a Due Process claim upon which relief can be granted. This Court should dismiss his Due Process claim and decline to exercise jurisdiction over his supplemental state law claims, effectively dismissing this entire case.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*/s/ Anne Smith*_____
Anne Gepford Smith, KS No. 24636
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:  (785) 291-3988
Fax:  (785) 296-6296
Email: anne.smith@ag.ks.gov
*Attorney for Defendants Emporia State University ESU); Jackie Vietti, solely in her official capacity as Interim President of ESU; David Cordle, solely in his official capacity as Provost of ESU; Judy Anderson, solely in her official capacity as Executive Director of Human Relations at ESU; Gwen Alexander, solely in her official capacity as Dean of the School of Library and Information Management at ESU; Chris Hoover, solely in his official capacity as Chief of Police at ESU; and Debra Rittgers, solely in her official capacity as Assistant to the Dean of the School of Library and Information Management at ESU*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 23rd day of November, 2015, I sent a copy of the foregoing via United States mail, postage prepaid, to:

Melvin Hale
P.O. Box 724
Emporia, KS 66801
*Plaintiff Pro Se*

              */s/ Anne Smith*_____
              Anne Gepford Smith
              Assistant Attorney General