IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELVIN HALE, PhD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 15-4947-SAC |
| ) | |
| EMPORIA STATE UNIVERSITY; JACKIE ) | |
| VIETTI, in her capacity as Interim President of ) | |
| Emporia State University; DAVID CORDLE, in his ) | |
| capacity as Provost of Emporia State University; ) | |
| JUDY ANDERSON, in her capacity as Executive ) | |
| Director of Human Relations at Emporia State ) | |
| University; GWEN ALEXANDER, as Dean of the ) | |
| School of Library & Information Management at ) | |
| Emporia State University; CHRIS HOOVER, as ) | |
| Chief of Police at Emporia State University; ) | |
| DEBRA RITTGERS, as Assistant to the Dean of ) | |
| the School of Library and Information Management;) | |
| and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

Because Plaintiff Melvin Hale has failed to establish this Court's jurisdiction or to otherwise state a federal question claim upon which relief can be granted, this Court should dismiss his Amended Complaint (Doc. 4) against Defendants Emporia State University (ESU); Jackie Vietti, solely in her official capacity as Interim President of ESU; David Cordle, solely in his official capacity as Provost of ESU; Judy Anderson, solely in her official capacity as Executive Director of Human Relations at ESU; Gwen Alexander, solely in her official capacity as Dean of the School of Library and Information Management at ESU; Chris Hoover, solely in

1

his official capacity as Chief of Police at ESU; and Debra Rittgers, solely in her official capacity as Assistant to the Dean of the School of Library and Information Management at ESU.

**Defendants are Immune from Suit Based on Hale's Claims in his Amended Complaint.**

In their Motion to Dismiss and Memorandum in Support, Defendants first argued that Hale's suit is barred by the Eleventh Amendment to the United States Constitution. (Doc. 9, at 2-3.) In his Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint, Hale concedes that Defendants "may be immune from prosecution that solely seeks monetary compensation and relief from the state treasury." (Doc. 10, at 7.) He further claims to concede his claims for such but then "leaves discretion to the court as to the imposition of such." (Doc. 10, at 7.)

Hale mistakes immunity from a judgment from immunity from suit. A suit may not be **maintained** against Defendants unless they have waived their immunity or unless Congress has abrogated it. *Gray v. Univ. of Kan. Med. Ctr., Coll. of Health Scis., Sch. of Nursing*, 715 F. Supp. 1041, 1042 (D. Kan. 1989). Hale makes no argument regarding waiver or abrogation.

Hale instead argues that because he seeks relief in the form of "all other relief deemed appropriate by this Court," he is seeking injunctive and declaratory relief. (Doc. 10, at 7.) He further argues that injunctive relief and declaratory relief are not barred by the Eleventh Amendment. But neither the declaration sought, nor the contours of the requested injunctive relief, are set forth anywhere in the Amended Complaint. Instead, Hale seeks damages in excess of $150,000 in his Amended Complaint only now to attempt to claim other remedies in the face of dismissal. (Doc. 4, at 15.) Hale mentions non-monetary injunctive and declaratory relief he "may" claim for the first time in his Memorandum in Opposition to Defendants' Motion to

Dismiss Amended Complaint and notes he "will suggest" additional non-monetary remedies presumably at some point in the future. (Doc. 10, at 7-8.)

The jurisdictional bar of the Eleventh Amendment applies regardless of the nature of the relief sought as against Defendant ESU. This includes prospective relief such as the injunctive and declaratory relief Hale now purportedly seeks. *Johnson v. Wefald*, 779 F. Supp. 154, 155-56 (D. Kan. 1991); *see also Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494-95 (10th Cir. 1998). Defendant ESU should be dismissed from this suit regardless of Hale's attempts to seek injunctive or declaratory relief.

With respect to Defendants Vietti, Cordle, Anderson, Alexander, Hoover, and Rittgers, the Eleventh Amendment does not bar an action seeking injunctive relief against individuals acting in their official capacity. But the injunctive and declaratory relief that Hale seeks (again, for the first time in his response to a motion to dismiss) appears to seek relief from ESU as an entity, not from any particular individual defendant acting in his or her official capacity. Further, it is questionable whether Hale's supposed claims for relief are all in fact prospective. The *Ex parte Young* exception, allowing prospective injunctive relief against individual defendants in their official capacities, is a narrow one. *Buchwald*, 159 F.3d at 495. Here, it is questionable whether Hale has sufficiently alleged there is an ongoing violation of federal law, as is required. Further, *Ex parte Young* "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past." *Buchwald*, 159 F.3d at 495. To the extent Hale's alleged injunctive or declaratory relief sought seeks a declaration that Defendants violated his rights in the past, his claims are barred. As such, Hale's claims against the six individual defendants sued in their official capacities are barred to the extent he seeks damages and declaratory relief, except to the extent his request for declaratory relief is ancillary to his request for prospective injunctive

relief. *Isham v. Wilcox*, 10 Fed. Appx. 729, 731 (10th Cir. 2001); *see also Buchwald*, 159 F.3d at 494-95.

This Court should dismiss Hale's claims in their entirety because Hale failed to plead the injunctive and declaratory relief he now claims to seek. Alternatively, this Court should dismiss all claims against ESU as barred from suit by the Eleventh Amendment. This Court should also dismiss Hale's claims that can be construed as seeking monetary relief against Vietti, Cordle, Anderson, Alexander, Hoover, and Rittgers.

**Hale's Due Process Claim Fails to State a Claim upon Which Relief can be Granted.**

Hale's sole federal question claim—Count III of his Amended Complaint—seeks relief for an alleged deprivation of due process under *Paul v. Davis*, 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). As discussed in Defendants' Motion to Dismiss and Memorandum in Support, in order to state a claim for relief within the Tenth Circuit, the alleged defamatory statements **must** occur in the course of terminating the employee. *Renaud v. Wyoming Dept. of Family Servs.*, 203 F.3d 723, 728 n.1 (10th Cir. 2000).

In his Memorandum in Opposition to Defendants' Motion to Dismiss Amended Complaint, Hale contends that he was threatened with imminent termination. (Doc. 10, at 2-3, 6.) While Hale contends that this threat of termination allegedly concurrent with defamation meets the essential requirements under *Paul*, Hale misreads the case and subsequent Tenth Circuit holdings, which clearly require any defamation to occur in the course of the employee's termination in order to state a claim. (Doc. 10, at 3.) Hale fails to state a claim upon which relief can be granted because he relies on a threat of termination, and not actual termination.

4

**This Court Should Decline to Exercise Supplemental Jurisdiction over Hale's State Law Claims.**

Hale's sole federal question claim—Count III for due process—fails to state a claim upon which relief can be granted. In the event this Court dismisses Count III, Defendants requested this Court decline to exercise supplemental jurisdiction over Hale's remaining state law claims. Hale does not address supplemental jurisdiction but instead chooses to solely address the sufficiency of the federal question claim. In addition to dismissing Count III, this Court should decline to exercise jurisdiction over Hale's remaining state law claims.

**This Court Should Dismiss this Case Against All Defendants.**

Defendants Emporia State University; Jackie Vietti, solely in her official capacity as Interim President of ESU; David Cordle, solely in his official capacity as Provost of ESU; Judy Anderson, solely in her official capacity as Executive Director of Human Relations at ESU; Gwen Alexander, solely in her official capacity as Dean of the School of Library and Information Management at ESU; Chris Hoover, solely in his official capacity as Chief of Police at ESU; and Debra Rittgers, solely in her official capacity as Assistant to the Dean of the School of Library and Information Management at ESU are immune from this suit in federal court under the Eleventh Amendment. This Court should dismiss this case. In the event this Court chooses to allow Hale to proceed with his claims seeking injunctive and its ancillary declaratory relief, this Court should dismiss Defendant Emporia State University in its entirety and dismiss Hale's claims for monetary relief against Vietti, Cordle, Anderson, Alexander, Hoover, and Rittgers.

Further, even if Defendants are not immune from suit, Hale's Amended Complaint fails to state a Due Process claim upon which relief can be granted. This Court should dismiss his Due

Process claim and decline to exercise jurisdiction over his supplemental state law claims, effectively dismissing this entire case against all Defendants.

                Respectfully submitted,

                OFFICE OF ATTORNEY GENERAL
                DEREK SCHMIDT

                */s/ Anne Smith*_____
                Anne Gepford Smith, KS No. 24636
                Assistant Attorney General
                Memorial Bldg., 2nd Floor
                120 SW 10th Avenue
                Topeka, Kansas 66612-1597
                Tel: (785) 291-3988
                Fax: (785) 296-6296
                Email: anne.smith@ag.ks.gov
                *Attorney for Defendants Emporia State University ESU); Jackie Vietti, solely in her official capacity as Interim President of ESU; David Cordle, solely in his official capacity as Provost of ESU; Judy Anderson, solely in her official capacity as Executive Director of Human Relations at ESU; Gwen Alexander, solely in her official capacity as Dean of the School of Library and Information Management at ESU; Chris Hoover, solely in his official capacity as Chief of Police at ESU; and Debra Rittgers, solely in her official capacity as Assistant to the Dean of the School of Library and Information Management at ESU*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of December, 2015, I sent a copy of the foregoing via United States mail, postage prepaid, to:

    Melvin Hale
    P.O. Box 724
    Emporia, KS 66801
    *Plaintiff Pro Se*

                */s/ Anne Smith*_____
                Anne Gepford Smith
                Assistant Attorney General