UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELVIN HALE, PHD.,

    Plaintiff,

    v.

EMPORIA STATE UNIVERSITY, *ET AL.*,

    Defendants.

Case No. 15-4947-SAC

## SCHEDULING ORDER

On August 10, 2016, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, K. Gary Sebelius, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared *pro se*. Defendants appeared through counsel, Anne Smith.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | **n/a** |
| Defendant's settlement counter-proposal | **n/a** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **n/a** |
| Mediation completed | **n/a** |
| All discovery completed | **December 12, 2016** |
| Experts disclosed by plaintiff | **n/a** |
| Experts disclosed by defendant | **n/a** |
| Rebuttal experts disclosed | **n/a** |
| Physical and mental examinations | **n/a** |
| Jointly proposed protective order submitted to court | **August 31, 2016** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **August 31, 2016** |
| Motions to dismiss | **n/a** |
| Motions to amend | **October 5, 2016** |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | **January 18, 2017** |
| Comparative fault identification | **n/a** |
| Proposed pretrial order due | **December 28, 2016** |
| Pretrial conference | **January 4, 2017 at 9:30 AM** |
| Trial | **n/a** |

**1)    Alternative Dispute Resolution (ADR).**

The parties have already exchanged good-faith settlement proposals. After reviewing the parties' proposals, the court finds that mediation would not be productive at this time. The court will address the issue of mediation again at the final pretrial conference.

**2)    Discovery.**

a)    The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).   In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various items described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **August 24, 2016**.   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served by **November 2, 2016**, 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

  b) All discovery in this case must be commenced or served in time to be completed by **December 12, 2016**. Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

  c) The parties have stipulated that no expert testimony will be used in this case.

  d) The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

  e) Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows: "The parties do not believe that this case is a large ESI case and for economic reasons have agreed that the limited ESI that does exist (primarily in the form of e-mails) will be produced in either hard-copy form or on a CD or flash drive in pdf format."

  f) Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties agree that in the event of inadvertent production of
> information claimed as privileged or subject to trial-preparation

      protection, the producing party must notify the receiving party of
      the inadvertent production. After notification, the receiving party
      must return, sequester or destroy the information and cannot use or
      disclose it to third parties. If disclosed before receiving the claim,
      the appropriate steps to recall must be taken. The receiving party
      may submit the information to the court to decide if it is protected or
      privileged as claimed and, if so, whether a waiver has occurred. The
      producing party must submit its claim on a timely basis, and the
      court may consider any delay in notification in addressing the issue
      of waiver.

  g)  No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

  h)  No more than 12 depositions may be taken by plaintiff, and no more than 12 depositions may be taken by defendants collectively. Each deposition must be limited to 7 hours. All depositions must be governed by the written guidelines that are available on the court's website:

      http://www.ksd.uscourts.gov/deposition-guidelines/

  i)  The parties agree that there is potentially a need for discovery in this case to be governed by a protective order. Discovery in this case may be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **August 31, 2016**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

    *http://www.ksd.uscourts.gov/guidelines-for-agreed-protective-orders-district-of-kansas/*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to

make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).   A pre-approved form of protective order is available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **August 31, 2016**.

       j)       The parties consent to electronic service of disclosures and discovery requests and responses.   *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

       k)       The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.   Therefore,

6

*before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3)** **Motions.**

a) The parties have stipulated that no further motions to dismiss will be filed in this case.

b) Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **October 5, 2016**.

c) All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **January 18, 2017**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

d) Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e) All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by 42 days before trial.

f) If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider emailing the chambers of the undersigned magistrate judge to request a discovery conference *before* filing such a motion. But such a conference is not mandatory.

g) Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

h) To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i) The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4) Pretrial Conference, Trial, and Other Matters.**

a) The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b) Pursuant to Fed. R. Civ. P. 16(a), a final pretrial conference is scheduled for **January 4, 2017 at 9:30 AM**. This pretrial conference will be conducted by telephone unless the

judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person.  **Participants shall dial in to the conference call at 888-363-4749, enter access code 3977627#, and follow the prompts to join the call as a participant.**   Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **December 28, 2016,** defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.   The proposed pretrial order must not be filed with the Clerk's Office.   It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c)	The parties expect the trial of this case to take approximately 5 trial days. The court will subsequently set the case for trial.

d)	The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e)	This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated August 10, 2016, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge