## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

MELVIN HALE, PH.D.,

*Plaintiff*

v.

EMPORIA STATE UNIVERSITY, *et al*.,

*Defendants*.

**Case No. 15-4947-SAC-KGS**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS

Melvin Hale, Ph.D., pursuant to Fed. R. Civ. P. 41 (a)(2), for its memorandum in support of its Motion to Dismiss its Third Amended Complaint, without prejudice, states as follows:

### Procedural Background

1. This action was filed October 14, 2015 (Doc. 1).

2. Plaintiff filed its Amended Complaint on November 4, 2015 (Doc. 4).

3. Defendant ESU filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim on which relief could be granted on November 9, 2015 (Doc. 6).

4. Defendant ESU et al. filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim on which relief could be granted on November 23, 2015 (Doc. 9).

5. Defendant's two Motion to Dismiss [6] and [9] were denied on January 12, 2016, and Plaintiff was granted a 21 day leave to file a Second Amended Complaint which states a claim under § 1983 upon which relief may be granted (Doc. 12).

6. Plaintiff filed a Second Amended Complaint on January 21, 2016 (Doc. 13).

7.    Defendants filed a Motion to Dismiss plaintiff's Second Amended Complaint for failure to state a claim on February 4, 2016 (Doc. 15).

8.    Defendants Motions to Dismiss [6] & [9] were denied as moot on March 8, 2016 (Doc. 19), and plaintiff was granted 21 days from the date of that order to file a Third Amended Complaint which corrected the deficiencies in the Second Amended Complaint.

9.    Plaintiff filed a Third Amended Complaint against Defendants ESU et al. on March 23, 2016 (Doc. 20).

10.   On April 5, 2016, then-defendant Debra Rittgers, filed a counterclaim against plaintiff (Doc.33).

11.   On April 11, 2016, plaintiff filed a Motion to Dismiss Rittgers counterclaim (Doc. 35).

12.   On April 14, 2016, defendants filed a Motion to Dismiss plaintiff's Third Amended Complaint (Doc. 41).

13.   On April 20, 2016, defendant Jackie Vietti filed a Motion to Dismiss plaintiff's Third Amended Complaint (Doc. 45).

14.   On April 28, 2016, defendants Derek Wilson and Deidra Elijah filed a Motion to Dismiss plaintiff's Third Amended Complaint (Doc. 52).

15.   On June 15, 2016, by Order of this Court, defendants Hoover, Rittgers, Alexander, Brooks, Spoon, Cooley, Wilson, Elijah and Gilmore were dismissed; plaintiff's Motion to Dismiss Rittgers' counterclaim was granted; Motions to Dismiss [41] and [45] were granted in part and denied in part; Motion to Dismiss [52] was granted; and Motion to Dismiss Second Amended Complaint [15] was denied as moot (Doc. 57).

16.   The Initial Scheduling Order was issued on June 17, 2016 Doc. 58).

17.   Remaining defendants Judy Anderson, David Cordle, Mirah Dow, Emporia State University, Kevin Johnson, Ray Lauber, Jackie Vietti, and Gary Wyatt filed an Answer to plaintiff's Third Amended Complaint [20] on July 20, 2016 (Doc. 64).

18.   A Scheduling Conference was held before Magistrate Judge K. Gary Sebelius on August 10, 2016 (Doc. 68), at which time Hale notified the parties that he would be filing for Summary Judgment within about a week.

19.   A Scheduling Order was issued by Magistrate Judge K. Gary Sebelius on August 10, 2016 which estimated trial time as 5 days.  A Discovery deadline was set for December 12, 2016, and a dispositive motion deadline as January 18, 2017.  The Final Pretrial Conference was set for January 4, 2017, with a Proposed Pretrial Order due by December 28, 2016 (Doc. 69).

20.   Plaintiff filed its Motion for Summary Judgment on August 18, 2016 (Doc. 70).

21.   Plaintiff's Motion for Summary for Summary Judgment was denied without prejudice on September 13, 2016 (Doc. 86).

22.   Plaintiff's answers to request for production is scheduled for October 17, 2016 by agreement of the parties.

23.   On Thursday, September 15, 2016, plaintiff requested defendants agreement to a stipulation of dismissal without prejudice on the condition that in the unlikely event the claims asserted were ever refiled all pleadings, discovery, testimony, Orders or Rulings, or any other substantive matters from these proceedings, would be binding in any later filed action of the same claims so as not to prejudice either party to this action, with costs to be borne by the party incurring it.

24.   Defendants have not as yet determined if they will stipulate to the dismissal on the conditions suggested.

25.     Plaintiff filed this motion and a motion to stay the Rule 16 deadlines pending a ruling on this

motion.

### Memorandum

Fed. R. Civ. P. Rule 41(a)(2) states:

> Except as stated in Rule 41(a)(1), an action may be dismissed at the plaintiff's request
>
> only by court order, on terms that the court considers proper….Unless stated otherwise,
>
> a dismissal under this paragraph (2) is without prejudice.

Plaintiff filed its complaint pro se seeking remedies for Title VII Retaliation and Section 1983

First Amendment Retaliation, and for injunctive relief.  This Court held that plaintiff did not meet its

legal burden to obtain summary judgment, and denied it without prejudice to be potentially refiled after

discovery.  Both parties have expended costs and fees to get to this point of the litigation.  Hale made

two offers to defendants seeking an out-of-court settlement, but both offers were rebuffed, and no real

negotiation has taken place.  Hale, a pro se litigant, has decided that it does not wish to pursue the

litigation further at this time based on medical reasons, and is seeking a dismissal.  Hale sought a

stipulation of dismissal on the same terms suggested in its motion in an e-mail to defendants' counsel

on September 15, 2016.  Defendants have not as yet determined if they will stipulate to the dismissal on

the conditions suggested.

In recognition of the costs that both parties have incurred, plaintiff recognizes that in the

unlikely event it should ever decide to refile these claims all parties should be bound by the

proceedings that have occurred to date.  Frankly, that appears to benefit the defendants probably more

than the plaintiff, but it seems to be a fair condition to impose on the dismissal of the action.   In *103*

*Investors I, L.P. v. Square D Co.*, 222 F. Supp. 1263, 1270 - 1271 (D. Kan. 2002), Judge Vratil noted

that "Courts generally allow dismissal without prejudice unless the defendants will suffer some plain

legal prejudice." (*citing*) *Wimber v. Dep't Of Soc. & Rehab Servs.,* 156 R.F.D. 259, 261 (D. Kan. 1994).  To determine whether legal prejudice would occur Judge Vratil noted that the court should review six factors: "(1) defendant's efforts and funds expended towards preparing for trial; (2) plaintiff's undue delay or lack of diligence in prosecuting the action; (3) the adequacy of plaintiff's explanation for needing to dismiss; (4) plaintiff's diligence in moving to dismiss; (5) the present stage of the litigation; and (6) duplicative expenses in a likely second suit." *103 Investors I, L.P.*, 22 F. Supp. 2d at 1271 *(citations omitted)*.

In applying the factors to the present case, there has been limited discovery, the case is in its infancy with regard to the discovery the parties have outlined to occur over the next 4 months.  Factors 1, 5 and 6.  The scheduling order was just entered on August 10.  Factors 2, 4, and 5.  As noted above, plaintiff felt summary judgment was what it really needed to obtain.  In light of the Court's decision on the motion for summary judgment, the plaintiff has elected to pursue other solutions for obtaining justice, rather than continuing the ongoing cost and expense to all parties in pursuing the uncertain and expensive recovery of damages and injunctive relief for the conduct of the defendants.  Plaintiff has provided defendants' counsel with specific medical conditions which would make it difficult for him to continue with litigation.  Factor 3.  Despite this, and despite a firm conviction that it has been wronged, Hale has elected to cease the litigation, and has made a proposal to do so that should protect all parties from any legal prejudice in this case, or in the unlikely event plaintiff would later determine that it needs to re-file the claims.  Defendants have not as yet informed plaintiff if they will stipulate to the dismissal on the conditions suggested.

Because the conditions of the dismissal will protect the parties from legal prejudice, plaintiff MELVIN HALE prays that this Court grant its motion for dismissal without prejudice, on the condition that if the same claims are ever refiled, all pleadings, discovery, testimony, Orders or Rulings, or any

other substantive matters from these proceedings, would be binding in any later filed action of the same

claims so as not to prejudice either party to this action, with costs to be borne by the party incurring

them and for such further relief as the Court deems just and proper.

Dated: September 16, 2016                              Respectfully submitted,

_____
/s/ Melvin Hale, PhD, Plaintiff *pro se*
P.O. Box 6176
Goodyear, AZ 85338
reefresh@yahoo.com
916-690-7927

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2016, I electronically filed the foregoing with the Court by email, and a notice of electronic filing was sent by agreement via email to Defendant's counsel of record, Anne Gepford Smith at anne.smith@ag.ks.gov.

/s/ Melvin Hale, Ph.D.

Plaintiff pro se