IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELVIN HALE, PhD, ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | Case No. 15-4947-SAC-KGS |
| ) | |
| EMPORIA STATE UNIVERSITY, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO MOTION TO DISMISS**

Plaintiff Melvin Hale, proceeding *pro se*, has moved this Court to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2).

Defendants Emporia State University (ESU), Jackie Vietti, David Cordle, Judy Anderson, Kevin Johnson, Ray Lauber, Mirah Dow, and Gary Wyatt ("Defendants") do not object to Hale's request for a dismissal of this action. Defendants request, instead, that this Court dismiss this case *with* prejudice. Alternatively, Defendants request this Court impose conditions in the event Hale refiles a same/similar action against any of the same defendants.

Defendants are particularly concerned with Hale's statement in his memorandum in support of his motion to dismiss that he "has elected to pursue other solutions for obtaining justice." (Doc. 90, at 5.) Defendants are unsure of what form of vigilante justice Hale plans to pursue once no longer subject to this Court's jurisdiction.

Federal Rule of Civil Procedure 41(a)(2) allows this Court discretion to dismiss this action by court order "on terms that the court considers proper." This rule is designed "'is designed "primarily to prevent voluntary dismissals which unfairly affect the other side, and to

1

permit the imposition of curative conditions.'"'" *Nunez v. IBP, Inc.*, 163 F.R.D. 356, 358 (D. Kan. 1995). "'Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.'" *Nunez*, 163 F.R.D. at 358-59. In determining whether Defendants will suffer legal prejudice, this Court considers Defendants' efforts and funds expended toward preparing for trial; Plaintiff's undue delay or lack of diligence in prosecuting the action; the adequacy of Plaintiff's explanation for needing to dismiss the case; Plaintiff's diligence in moving to dismiss; the present stage of litigation; and duplicative expenses involved in a likely second suit. *Nunez*, 163 F.R.D. at 359.

Hale filed the instant action October 14, 2015, solely against ESU for false light invasion of privacy, defamation, and punitive damages. (Doc. 1.) He amended his complaint November 4, 2015, adding six individuals to the case in addition to ESU, claiming false light invasion of privacy, defamation, due process, and punitive damages. (Doc. 4.) After this Court stated his amended complaint "does not plausibly portray an injury to a liberty interest which warrants the protections of the Due Process Clause," it allowed him to amend his complaint. (Doc. 12.) Hale filed his Second Amended Complaint on January 21, 2016, adding another two individuals, bringing the total of defendants to one entity (ESU) and eight individuals. Despite the Court's prior order on his previous complaint, Hale again brought claims for false light invasion of privacy, defamation, liberty interest, due process, and punitive damages, adding claims for freedom of speech, retaliation and wrongful termination. (Doc. 13.) After the Court found deficiencies in Hale's Second Amended Complaint, it granted him leave to file a Third Amended Complaint. (Doc. 19.) Hale then filed his Third Amended Complaint on March 23, 2016, adding eight more individual defendants for a total of one entity (ESU) and sixteen individual defendants. (Doc. 20.) This Court later dismissed nine individuals and significantly culled Hale's

claims, allowing him to proceed solely on his Title VII claim against ESU and on his 42 U.S.C. § 1983 First Amendment retaliation claims against seven individuals, solely on his claim that they developed and extended a "Cooling Off Period." (Doc. 57.)

Defendants have since produced 744 pages of documents in discovery as initial disclosures, while Plaintiff produced one audio recording (and attached two others to his recently-denied motion for summary judgment).

While this litigation is certainly at its beginning stages, Defendants have expended time, effort, and funds in preparing for trial or, more likely, for an eventual victory on summary judgment. Additionally, Defendants expended capital in having to respond to multiple different complaints containing frivolous claims. In particular, Defendant ESU incurred costs in seeking to defend individual students Hale baselessly sued.

Defendants request this Court dismiss this case *with* prejudice. Alternatively, Defendants request this Court impose conditions in the event Hale refiles a same/similar action against any of the same defendants. Defendants request that a condition of refiling should include the payment of attorneys' fees expended thus far in this action, including those fees expended to obtain the dismissal of the students who were sued in this action. Defendants further request that another condition of refiling be that Hale consent to the availability and use of all discovery conducted in the case to this date, which Hale appears to agree to.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT


*s/ Anne Smith*
Anne Gepford Smith, KS No. 24636
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:  (785) 291-3988
Fax:  (785) 296-6296
Email: anne.smith@ag.ks.gov
*Attorney for Defendants Emporia State University (ESU); Jackie Vietti; David Cordle; Judy Anderson; Kevin Johnson; Ray Lauber; Mirah Dow; and Gary Wyatt*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2016, I electronically filed the foregoing with the Court using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record and to Plaintiff Melvin Hale, a registered pro se participant who receives electronic notification in the case, at reefresh@yahoo.com.

*/s/ Anne Smith*
Anne Gepford Smith
Assistant Attorney General

4