**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

MELVIN HALE, PH.D.,

                *Plaintiff*

v.

                                 **Case No. 15-4947-SAC-KGS**

EMPORIA STATE UNIVERSITY, *et al*.,

                *Defendants*.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

Melvin Hale, Ph.D., plaintiff in the above-captioned matter, submits its reply in support of its motion to dismiss this lawsuit without prejudice.

On September 16, 2016, plaintiff filed a motion and memorandum of law seeking to dismiss this lawsuit without prejudice.  (Docs. 89 and 90.)  In response, defendants submitted a brief agreeing to dismiss the case, but *with* prejudice, asking the court to impose conditions in the event plaintiff refiles a same/similar action against any of the same defendants. (Doc. 91.)

**I.**      **FACTS**

Defendants contend that they are concerned about plaintiff's statement in its memorandum in support of his motion to dismiss that he "has elected to pursue other solutions for obtaining justice." (Doc. 90, pg. 5.)  Defendants claim to be unsure of what this means, and refers to Hale as intending to pursue "vigilante" justice once this matter is no longer subject to this court's jurisdiction.  (Doc. 91, pg. 1.)  This claim is grammatically sensational, but insulting and patently false.  Plaintiff has explicitly stated to defendants, and to this court, that he intends to write a *book* about his repugnant experiences at Emporia State University entitled *Django Unchained and the March on Emporia State* "[i]n direct

response to falsehoods promulgated by defendants." (Doc. 71, pg. 16.)  Writing a non-fiction book intended to expose official corruption is an act of free speech protected by the United States Constitution.  Calling the writing of such a book vigilantism, suggesting lawlessness, by defendants' lead counsel Anne Gepford Smith, an Assistant Attorney General of the State of Kansas could be viewed as professional misconduct.

Defendants claim that ESU students were "baselessly sued." (Doc. 91, pg. 3.)   Defendants apparently overlooked plaintiff's opposition (Doc. 56.) to Derek Wilson and Deidre Elijah's motion to dismiss his third amended complaint (Doc. 52.) in which both of these student leaders are shown to have conducted themselves in a manner which explicitly violated ESU's own Title VII racial and ethnic harassment policy on repeatedly ignoring members of their university community (Doc. 56, pg. 35.), and that they received perks, plaques and scholarships in return for supporting the administration's false narratives about the Hales.  Not only that, uncontested evidence was presented by plaintiff which indicated that Deidre Elijah, in her intentional and illegal avoidance of plaintiff and his wife, stole both money and March On Emporia t-shirts from them.  (Doc. 56, pg. 15.)  Each student sued by plaintiff was cited for specific acts of wrong-doing.

Defendants belittle the manner in which plaintiff has litigated its case, but plaintiff is pro se, and has followed the directives of the court in arriving at its third amended complaint.  The order of this court in response to defendants' numerous motions to dismiss this case was that "the court is unwilling to say at this stage upon an undeveloped record that it is implausible that the 'cooling off period' would chill a person of ordinary firmness from engaging in protected speech. Therefore, the court shall dismiss defendant Alexander from Count V, but not defendants Vietti, Cordle, Anderson, Johnson, Lauber, Dow and Wyatt." (Doc. 57, pg. 22.)  At no time, and in no place, has this court rendered an opinion that plaintiff's claims are frivolous or baseless, and the court has allowed the case to move

2

forward in a more focused manner.  Defendants' numerous motions to dismiss this matter were granted in part and denied in part.  Unless all plaintiff's claims were dismissed, it is inappropriate for defendants to make unsupported allegations about the merits of plaintiff's lawsuit.

What plaintiff finds baseless and without foundation is defendants' claim that they had a legitimate, non-retaliatory, non-pretextual reason for the adverse employment actions taken against him, while providing not even *one* shred of evidence to support that singular claim.  Plaintiff sought summary judgment in part to obtain defendants' legitimate, non-retaliatory, non-pretextual reason(s) for the adverse employment actions taken against him, and *none* have ever been produced, hence Hale, a pro se litigant, has decided that he does not wish to pursue the litigation further at this time.  Hale also has medical reasons for seeking a dismissal.  Hale has indicated that he believes that summary judgment was the most appropriate and cost-effective relief, but that avenue was denied without prejudice.  (Doc. 86, pg. 2.)  Rather than pursuing litigation to reach an uncertain verdict regarding defendants' real motives, plaintiff has decided to apply its resources to telling the whole truth about what happened to him and his wife at ESU through public forums so that others will know that injustice, racial discrimination and retaliation are rampant at ESU, and that the defendants' acts of moral depravity had a profoundly negative impact on his life and his fledging career in academia after obtaining a doctorate from UCLA in 2014 at age fifty-nine; which is a choice that he is free to make.

II.     LAW AND ARGUMENT

The six factors from *103 Investors I, L.P. v. Square D Co.*, 222 F. Supp. 1263, 1270 - 1271 (D. Kan. 2002), are outlined in plaintiff's opening brief, and that discussion will not be repeated here.  In addition, the Tenth Circuit recognizes that motions to dismiss without prejudice are entrusted to the district court's sound discretion, and that such motions are generally granted, unless plain legal prejudice would result.  *Wimber v. Dep't Of Soc. & Rehab Servs.,* 156 R.F.D. 259, 261 (D. Kan. 1994).

Although the parameters that establish legal prejudice to deny a motion to dismiss without prejudice "are not absolutely clear, they are not, on the other hand, completely unintelligible." *Simons v. Southwest Petro-Chem, Inc., Div of Whitco Corp.,* 130 F.R.D. 134, 136 (D.Kan.1990).  In *Simons*, as in this case, the motion for voluntary dismissal was filed when the suit had been pending less than a year, and before discovery was complete.  *Id.*  There, as here, plaintiff sought dismissal without prejudice but defendant argued the case should be dismissed with prejudice.  *Id.*  The court declined, stating, "To dismiss this case with prejudice would unjustly foreclose plaintiff's claims."  *Id.*

District courts normally should grant a Rule 41(a)(2) dismissal without prejudice "[a]bsent 'legal prejudice' to the defendant." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  In deciding whether to grant plaintiff's motion to dismiss without prejudice, "the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (internal quotation marks omitted).  A court should not consider the "convenience of the court" in deciding a Rule 41(a)(2) motion to dismiss. *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).  The conditions should keep the parties in the same position in a subsequent lawsuit that they occupied before the plaintiff filed its motion to dismiss. *Pyles v. Boeing Co.*, 109 F. App'x 291, 294 (10th Cir. 2004).  When a court decides to impose conditions, it must give the plaintiff an opportunity to withdraw its request for dismissal. *Hall v. Great S. Bank*, No. 09-2600-CM, 2010 WL 4366110, at *1 (D. Kan. Oct. 28, 2010); 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2366 (3d ed. 2013) ("If the conditions are too onerous, the plaintiff need not accept the dismissal on those terms.").

## III.    CONCLUSION

Plaintiff's motion to dismiss this lawsuit without prejudice should be granted.  This case is still in its infancy, and has been delayed primarily by numerous motions to dismiss by defendants, and a counterclaim which was denied.  The parties have conducted only limited discovery to date.  The level of expense incurred to date does not signal that this lawsuit is at an advanced stage.  To the contrary, it signals that seeing this lawsuit through trial would be a very laborious and very expensive proposition.

As outlined in plaintiff's opening brief, plaintiff determined it will not get the remedy it needs and wants after the Court denied its motion for summary judgment; defendants failed to produce evidence of a legitimate, non-retaliatory, non-pretextual reason for the adverse employment actions taken against him; and for medical reasons.  Therefore, plaintiff filed its motion, and analyzed the matter under the balancing test used in this jurisdiction.  Plaintiff also proposed curative conditions that will alleviate any concerns that defendants will suffer legal prejudice; the only relevant consideration before the Court.  The motion should be granted.

Dated: September 23, 2016                                    Respectfully submitted,


_____
/s/ Melvin Hale, PhD, Plaintiff *pro se*
P.O. Box 6176
Goodyear, AZ 85338
reefresh@yahoo.com
916-690-7927

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2016, I electronically filed the foregoing with the Court by email, and a notice of electronic filing was sent by agreement via email to Defendant's counsel of record, Anne Gepford Smith at anne.smith@ag.ks.gov.


*/s/ Melvin Hale, Ph.D.*

Plaintiff *pro se*