IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELVIN HALE, Ph.D.,

               Plaintiff,

vs.                                  Case No. 15-4947-SAC-KGS

EMPORIA STATE UNIVERSITY, et al.,

               Defendants.

**O R D E R**

This case is before the court upon plaintiff's motion to dismiss this action without prejudice pursuant to FED.R.CIV.P. 41(a)(2) "on the condition that in the unlikely event the claims asserted were ever refiled all pleadings, discovery, testimony, [o]rders or [r]ulings, or any other substantive matters from these proceedings, would be binding in any later filed action of the same claims so as not to prejudice either party to this action, with costs to be borne by the party incurring it." Doc. No. 89, p. 1. The defendants who remain in this case ask that the case be dismissed with prejudice or that the court impose conditions, namely the payment of defendants' attorney's fees, in the event that, if the case is dismissed without prejudice, plaintiff attempts to refile the action.

1

I. BACKGROUND

Plaintiff has proceeded pro se throughout this litigation. The original complaint in this case named Emporia State University (ESU) as the sole defendant. It was filed on October 14, 2015. Plaintiff filed an amended complaint on November 4, 2015 which added six individual defendants and a federal claim under 42 U.S.C. § 1983. Those defendants filed a motion to dismiss. The court stated that the motion would be granted unless plaintiff amended his § 1983 claim. In response, plaintiff filed a second amended complaint on January 21, 2016 which added two individual defendants, amended the § 1983 claim, and added a Title VII claim. Defendants filed another motion to dismiss. The court ruled on March 8, 2016 that the second amended complaint would be dismissed unless plaintiff filed another amended complaint. Plaintiff filed a third amended complaint on March 23, 2016. The third amended complaint added eight more individual defendants. Defendants filed a motion to dismiss. On June 15, 2016, the court issued an order which granted the motion to dismiss as to nine of the sixteen individual defendants. The court also narrowed plaintiff's claims to a Title VII action against ESU and a § 1983 First Amendment retaliation claim against seven individual defendants.

The defendants left in the case filed an answer to the third amended complaint on July 20, 2016. An initial scheduling

conference was held on August 10, 2016 and a scheduling order set a discovery deadline of December 12, 2016. The parties had exchanged some initial disclosures by the date of the scheduling conference. On August 18, 2016, plaintiff filed a motion for summary judgment which was denied without prejudice by the court on September 13, 2016. Part of the reason for denying the motion was that discovery had barely started. Three days later, on September 16, 2016, plaintiff filed the instant motion to dismiss this case without prejudice and asked for a stay of discovery deadlines.

## II. LEGAL STANDARDS

Under FED.R.CIV.P. 41(a)(2), a plaintiff may dismiss a case without prejudice voluntarily "only by court order, on terms that the court considers proper." Normally, such a motion should be granted unless there is legal prejudice to the other side. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); Wimber By and Through Wimber v. Department of Social and Rehabilitation Services, 156 F.R.D. 259, 261 (D.Kan. 1994). Legal prejudice may be considered on the basis of a number of factors including: legal expenses and effort towards preparing for trial; plaintiff's undue delay or lack of diligence in litigating the action; the adequacy of plaintiff's explanation for filing the motion to dismiss; plaintiff's diligence in moving to dismiss; the current stage of litigation; and

3

duplicative expenses involved in a likely second suit. <u>Brown v. Baeke</u>, 413 F.3d 1121, 1124 (10th Cir. 2005); <u>Nunez v. IBP, Inc.</u>, 163 F.R.D. 356, 359 (D.Kan. 1995). The court has discretion to impose conditions upon granting a motion to dismiss without prejudice in order to alleviate harm to the opposing side. <u>American Nat. Bank and Trust Co. v. Bic Corp.</u>, 931 F.2d 1411, 1412 (10th Cir. 1991).

III. RULINGS

The court shall deny defendants' request to dismiss this case with prejudice. Defendants cite no authority for doing so and the court is not aware of any authority to dismiss this case with prejudice. So, the issue boils down to what conditions to place upon refiling this action, when this case is dismissed without prejudice.

Defendants have not made a strong claim of legal prejudice if this case is dismissed upon the condition that, if refiled, the previous orders and discovery would be binding on the parties. This case is in the early stages of discovery. Defendants do not describe or itemize specific time or expense figures for trial preparation. Instead, defendants make a general claim that they have expended time and funds towards summary judgment. Defendants also do not detail any duplicative expenses in a likely second lawsuit. Plaintiff has been diligent in litigating this case and moved rapidly to dismiss this action

4

after his motion for summary judgment was denied. Plaintiff has declared that he wishes to dismiss this case without prejudice at this time based on medical reasons which he does not explain to the court, but states he has shared with defense counsel. Plaintiff is also motivated to cease this action by the considerable cost of litigation in time and money. Defendants do not contend that these reasons are so flimsy that plaintiff's motion should be denied.

Defendants' main argument is that they have expended time and money in responding to multiple complaints which have included frivolous claims and, specifically, that defendant ESU has incurred costs in defending individual students that plaintiff sued baselessly. Defendants ask the court to require as a condition of refiling that plaintiff pay the attorneys' fees expended thus far presumably by ESU.

The court shall not condition the dismissal of this case upon the payment of attorney's fees if the case is refiled. Defendants have received a return upon the time and money expended to dismiss various claims and parties in this case. Upon the conditions proposed by plaintiff, if this case is refiled, these claims and parties will not be reinstated and the expense of fighting those claims and dismissing those parties will not be duplicated. There are other means by which defendants may attempt to recover the expense of defending

5

frivolous claims.  See Fox v. Vice, 563 U.S. 826, 836 (2011)(42 U.S.C. § 1988 allows a defendant to recover reasonable attorney's fees incurred because of, but only because of, a frivolous claim).  If defendants attempt to pursue such a path, they should be alert of the time and consultation provisions of FED.R.CIV.P. 54 and D.Kan. Rule 54.2.

IV. CONCLUSION

The court shall grant plaintiff's motion to dismiss this case without prejudice upon the condition that all pleadings, discovery, testimony, orders or rulings, or any other substantive matters from these proceedings, will be binding in any later filed action of the same claims so as not to prejudice either party to this action, with costs to be borne by the party incurring it.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2016, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge