IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

MELVIN HALE, PH.D.,

    *Plaintiff*

v.

    Case No. 15-4947-SAC-KGS

EMPORIA STATE UNIVERSITY, *et al.*,

    *Defendants*.

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Melvin Hale, Ph.D., pursuant to 42 U.S.C. § 2000e-5(f)(1) and 28 U.S.C. § 1915, for its memorandum in support of its Motion to Appoint Counsel, states as follows:

**Memorandum**

In employment discrimination cases, 42 U.S.C. § 2000e-5(f)(1) states in relevant part: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security." More generally, 28 U.S.C. § 1915 is a provision that applies to all cases in federal court where the litigant qualifies to proceed *in forma pauperis* (IFP), meaning the litigant has been declared financially poor enough that fees and costs of litigation will be waived. In addition to the waiver of costs, it also grants the courts the power to appoint counsel for IFP litigants. Specifically in subsection (e)(1) it states: "The court may request an attorney to represent **any person** unable to afford counsel." (bolding added.) Thus, under this provision federal courts may appoint an attorney to represent indigent pro se parties in any civil case.

Courts do not appoint counsel routinely either under 42 U.S.C. § 2000e-5(f)(1) or under 28 U.S.C. § 1915(e)(1). The standards vary a bit depending on the circuit. In the Tenth Circuit, the standard for court provided counsel is similar, but not exactly the same, for both statutes. A relatively recent district court opinion in Kansas summarized the standards used in this judicial circuit. For employment cases, the court stated: "To guide the court's discretion, the Tenth Circuit has identified several factors to be considered when evaluating a motion for appointment of counsel in Title VII and other employment discrimination cases arising under federal law. Before counsel may be appointed, the plaintiff 'must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination.' In addition, 'the plaintiff's capacity to present the case without counsel . . . should be considered in close cases as an aid in exercising discretion.'" *Leo v. Garmin International,* Case No: 10-2495-JTM-DJW, D. Kansas, Memorandum and Order dated 10/20/2010; *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). The discretion granted to the court is extremely broad. *Id*.

For proceeding under 28 U.S.C. § 1915, the same court opinion notes the standard applied is: "In determining whether to appoint counsel under 28 U.S.C. § 1915(e)(1), the Tenth Circuit has directed district courts to evaluate the following factors: 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' The plaintiff seeking counsel has the burden 'to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel' under the in forma pauperis statute." Although Hale initiated this action while gainfully employed, that is no longer the case, and plaintiff is now requesting that it be granted *in forma pauperis* status. Although the factors a court considers for appointing counsel under the *in forma pauperis* statute are not identical to the factors cited above for appointing counsel under Title VII, they are substantially similar. *Patterson v.*

*Dialysis*, No.09-2131-JAR-GLR, 2009 WL 902406, at *2 (D. Kan. Mar. 31, 2009). The plaintiff seeking counsel has the burden "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel" under the *in forma pauperis* statute. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

Plaintiff has shown financial inability to pay for counsel and diligence in attempting to secure counsel. Plaintiff's claims have survived numerous motions to dismiss, and the case has moved forward according to rulings and orders from this court, hence it is reasonable to deduce that plaintiff's claims have sufficient merit to warrant the appointment of counsel. Plaintiff asserts that at this stage in the litigation, discovery, that he is not qualified to present the case without counsel. In its ruling on its Fed.R.Civ.P. 41(a)(2) motion to dismiss, the court stated that "Plaintiff has been diligent in litigating this case…" (Doc. 93, pg.4). However, based on the volume and nature of the requests for production made by the defendants, plaintiff does not believe that he can respond in an appropriate manner as a pro se litigant. Certain requests appear to be overly burdensome, while others appear totally irrelevant. Plaintiff has no formal training in law to respond without jeopardizing the outcome of this important litigation. For the reasons stated above, plaintiff requests the appointment of counsel.

Dated: November 23, 2016         Respectfully submitted,

_____
/s/ Melvin Hale, PhD, Plaintiff *pro se*
P.O. Box 6176
Goodyear, AZ 85338
reefresh@yahoo.com
916-690-7927

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2016, I electronically filed this **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT COUNSEL** with the Court by email, and a notice of electronic filing was sent by agreement via email to Defendant's counsel of record, Anne Gepford Smith at <u>anne.smith@ag.ks.gov</u>.

*/s/ Melvin Hale, Ph.D.*

Plaintiff *pro se*