### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELVIN HALE, PhD,   ) | |
| ) | |
|     Plaintiff   ) | |
| ) | |
| v.   ) | Case No. 15-4947-SAC-KGS |
| ) | |
| EMPORIA STATE UNIVERSITY, *et al.*,   ) | |
| ) | |
|     Defendants.   ) | |

### FORMER DEFENDANTS' MEMORANDUM IN RESPONSE TO MOTION TO RE-OPEN

Plaintiff Melvin Hale, proceeding *pro se*, moved to dismiss the above-captioned case pursuant to Federal Rule of Civil Procedure 41(a)(2) on September 16, 2016. (Doc. 89.) This Court granted Hale's motion to dismiss on September 30, 2016. (Doc. 93.) On September 30, 2016, this Court entered judgment dismissing the case without prejudice pursuant to the order. (Doc. 94.) Hale now moves this Court to "re-open" his case and allow it to proceed from the point where he dismissed it. (Doc. 96.)

Hale does not cite under which rule or authority he proceeds on his motion, nor does he provide any extensive analysis as to why he should be allowed to re-open a dismissed case that has a judgment in it as opposed to filing a new case. When this Court dismissed this case without prejudice, it effectively left the parties as if the action had never been brought, although the Court did specify a condition that applies to a later-filed action of the same claims. (Doc. 93.) The Federal Rules of Civil Procedure do not appear to recognize such a motion, but Rules 59 and 60 provide avenues for altering or amending a judgment or for seeking relief from a judgment or

1

order. See *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Neither Rule provides Hale relief here, however.

Federal Rule of Civil Procedure 59(e) allows a litigant to seek to alter or amend a judgment, but such a motion must clearly be filed within 28 days after entry of the judgment. That time lapsed in this case on October 28, 2016, several weeks before Hale filed the instant "Motion to Re-open." As such, Hale is out of time to proceed under Rule 59(e).

Federal Rule of Civil Procedure 60(b) provides a litigant with the opportunity to seek relief from a judgment or order for certain specified reasons. "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver*, 952 F.2d at 1243. Hale does not specify a subsection of Rule 60(b) under which he proceeds. He alleges no mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct. He does not demonstrate that the judgment is somehow void, nor does the subsection on satisfaction, release or discharge apply here. Further, subsection (6), "any other reason that justifies relief," does not apply here either. See *Van Skiver*, 952 F.2d at 1244-45; *see also Macias v. New Mexico Dep't of Labor*, 300 F.R.D. 529, 546 (D.N.M. 2014) (noting "'Courts have found few narrowly-defined situations that clearly present "other reasons justifying relief."'"). Rule 60(b)(6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. *See, e.g., In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005). Hale merely states he now wants this case to proceed from the point where it was dismissed. (Doc. 96.) Federal courts, however, "have consistently refused to grant relief under Rule 60(b) where a party voluntarily requested dismissal of a claim." *Theard v. Dep't of Civil Serv., State of Louisiana*, No. 10-4165, 2012 WL 6161944, at *5 (E.D. La. Dec. 11, 2012).

Hale sought dismissal of his case which resulted in judgment. Even though he now wishes to proceed, he does not present a rule under which this Court can re-open the underlying case or under which he can otherwise obtain relief from the previously-entered judgment. His wish to proceed does not fall within the ambit of Rules 59(e) or 60(b), nor does his request warrant such an extraordinary remedy. The proper procedure, as this Court suggested when it dismissed the case, would be to file a new action. (Doc. 93, at 6.) This Court should deny Hale's Motion to Re-open.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

*s/ Anne Smith*
Anne Gepford Smith, KS No. 24636
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 291-3988
Fax: (785) 296-6296
Email: anne.smith@ag.ks.gov
*Attorney for Former Defendants Emporia State University (ESU); Jackie Vietti; David Cordle; Judy Anderson; Kevin Johnson; Ray Lauber; Mirah Dow; and Gary Wyatt*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December, 2016, I electronically filed the foregoing with the Court using the CM/ECF system, and a notice of electronic filing was sent via the CM/ECF system to all counsel of record and to Plaintiff Melvin Hale, a registered pro se participant who receives electronic notification in the case, at reefresh@yahoo.com.

*/s/ Anne Smith*
Anne Gepford Smith
Assistant Attorney General

3