IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MELVIN HALE, Ph.D.,

               Plaintiff,

vs.                                    Case No. 15-4947-SAC-KGS

EMPORIA STATE UNIVERSITY, et al.,

               Defendants.


**O R D E R**

On September 30, 2016, the court granted plaintiff's pro se motion to dismiss this case without prejudice and a judgment reflecting this action was also filed. Doc. Nos. 93 and 94. This case is now before the court upon plaintiff's pro se motion to reopen this case. Doc. No. 96. The motion indicates that the motion to dismiss was made for "medical, financial, and other reasons." Id. at p. 1. The motion asks that the court allow the case to proceed from the point where it was dismissed.

Defendants ask that the motion be denied because, they contend, under the present circumstances there is no authority to reopen a case after a judgment has been entered. Defendants point out that plaintiff filed his motion after the deadline for filing a motion to alter or amend under FED.R.CIV.P. 59(e). And, defendants assert, there is no support under FED.R.CIV.P. 60(b) for granting relief from the judgment. Defendants'

1

position is that plaintiff's sole recourse is to file a new case. Plaintiff does not directly dispute defendants' position and asks the court to provide him the opportunity to refile his motion or, alternatively, to file a new case. Doc. No. 103, p. 1.

The court believes it would be futile to permit plaintiff to refile his motion because the court is not aware of any grounds which would allow for relief from the judgment under Rules 59(e) or 60(b). Plaintiff does have the right to file a new action because this action was dismissed without prejudice. But, it was dismissed without prejudice upon the condition "that all pleadings, discovery, testimony, orders or rulings, or any other substantive matters from this case, will be binding in any later filed action of the same claims so as not to prejudice either party to this action, with costs to be borne by the party incurring it." Doc. No. 93, p. 6. So, this condition qualifies plaintiff's right to refile the action.

For the reasons explained above, the court shall deny plaintiff's motion to reopen this case – Doc. No. 96. This action renders moot plaintiff's motion to appoint counsel in this case – Doc. No. 97.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2016, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge